1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   FRANK FALZETTA, Cal. Bar No. 125146
2  JENNIFER M. HOFFMAN, Cal. Bar No. 240600
   333 South Hope Street, 43rd Floor
3  Los Angeles, California 90071-1422
   Telephone:    213.620.1780
4  Facsimile:    213.620.1398
   Email:        ffalzetta@sheppardmullin.com
5                jhoffman@sheppardmullin.com

6  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   JEFFREY S. CROWE, Cal. Bar No. 216055
7  650 Town Center Drive, 10th Floor
   Costa Mesa, CA 92626
8  Telephone:    714.513.5100
   Facsimile:    714.513.5130
9  Email:        jcrowe@sheppardmullin.com

10
   Attorneys for Defendant
11 STATE FARM MUTUAL AUTOMOBILE
   INSURANCE COMPANY
12

13              UNITED STATES DISTRICT COURT

14     NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

15

16 | JOAN ST. JULIAN, individually and on | Case No. 3:21-cv-07404-VC
   | behalf of all others similarly situated, |
17 |                                      | JOINT REQUEST FOR DISMISSAL OF
   |              Plaintiff,               | INDIVIDUAL CLAIMS WITH PREJUDICE
18 |                                      | AND PUTATIVE CLASS CLAIMS
   |          v.                          | WITHOUT PREJUDICE
19 |                                      |
   | STATE FARM MUTUAL AUTOMOBILE         |
20 | INSURANCE COMPANY, a foreign         | Complaint filed:  September 23, 2021
   | insurance company,                   | Trial Date:  N/A
21 |                                      |
   |              Defendant.              |
22

23

24

25

26

27

28

## I.    <u>INTRODUCTION</u>

Plaintiff Joan St. Julian ("Plaintiff") and Defendant State Farm Mutual Automobile Insurance Company ("State Farm"), by and through their respective counsel of record in this case, hereby jointly request dismissal, with prejudice, of Plaintiff's individual claims asserted in this action.  The Parties also request dismissal, without prejudice, of the class claims alleged on behalf of the unnamed putative class members.

As they previously informed the Court, the Parties have been engaged in settlement negotiations since shortly after this lawsuit was filed.  The Parties recently reached a settlement of Plaintiff's individual claim only.

The settlement and this requested dismissal in no way prejudice putative class members' rights, and the factors the Ninth Circuit directed courts to consider in *Diaz v. Trust Territory of Pac. Islands*, 876 F.2d 1401, 1408 (9th Cir. 1989) are satisfied here.  Accordingly, the Parties respectfully request that the Court enter the requested dismissal.

## II.    <u>PROCEDURAL HISTORY</u>

This case is a proposed class action against State Farm.  Plaintiff filed her Complaint on September 23, 2021 and State Farm filed its Answer on November 22, 2021.

The Court set the initial Case Management Conference for December 15, 2021.  (ECF 14). On December 2, 2021, the Parties informed the Court that they were engaged in settlement negotiations which, if successful, would resolve the entire action.  (ECF 17).  The Court thereafter continued the Case Management Conference to March 2, 2022.  (ECF 19).

The Parties' negotiations were successful and they reached a settlement as to the named Plaintiff's claims only.  At this time, no discovery or motion practice has occurred, and no hearings or conferences have been held by the Court.

## III.    <u>THE REQUESTED DISMISSAL WILL NOT PREJUDICE ABSENT PUTATIVE CLASS MEMBERS</u>

Pursuant to *Diaz*, in deciding whether to grant a request for dismissal of uncertified putative class claims, the Court must consider whether putative class members will be prejudiced as a result of:  (1) "possible reliance on the filing of the action if they are likely to know if it either

1   because of publicity or other circumstances"; (2) "lack of adequate time for class members to file

2   other actions, because of a rapidly approaching statute of limitations"; and (3) "any settlement or

3   concession of class interests made by the class representative or counsel in order to further their

4   own interests." *Diaz*, 876 F.2d at 1408.   This analysis must be made "to determine whether the

5   proposed settlement and dismissal are tainted by collusion or will prejudice putative members."

6   *Lyons v. Bank of Am., N.A.*, No. 11-cv-01232-CW, 2012 WL 5940846, 2012 U.S. Dist. LEXIS

7   168230, *5 (N.D. Cal. Nov. 27, 2012) (internal citation omitted).

8       In addition, Paragraph 33 of the Standing Order For Civil Cases Before Judge Vince

9   Chhabria provides:

10      In the event of a pre-certification settlement of a proposed class action involving
        the individual named plaintiffs only, the named plaintiffs may not simply dismiss
11      the lawsuit without court approval. Rather, the parties must submit a request for
        dismissal explaining how a dismissal would not prejudice the unnamed class
12      members whose claims are not being resolved by the settlement. In particular, the
        parties must consider whether the unnamed class members need to be notified of
13      the dismissal. *See, e.g., Dunn v. Teachers Ins. & Annuity Ass'n of Am.*, No. 13-cv-
        05456-HSG, 2016 WL 153266, at *3 (N.D. Cal. Jan. 13, 2016); *Tombline v. Wells
14      Fargo Bank, N.A.*, No. 13-cv-04567-JD, 2014 WL 5140048 (N.D. Cal. Oct. 10,
        2014); *Lyons v. Bank of Am., N.A.*, No. 11-cv-01232-CW, 2012 WL 5940846
15      (N.D. Cal. Nov. 27, 2012); *see also Diaz v. Trust Territory of Pac. Islands*, 876
        F.2d 1401, 1408 (9th Cir. 1989).
16

17      Consideration of the three *Diaz* factors here demonstrates that no prejudice exists here.

18      First, it is highly unlikely that putative class members have relied on the filing of the

19   action, because its filing was not widely publicized.  Even today, a Google search reveals mention

20   of the suit only on legal trade publication websites, not publications or websites generally read by

21   lay consumers.  "[L]ack of media coverage makes it unlikely that similarly situated [putative class

22   members] knew of Plaintiffs' lawsuit and relied on it for vindication of their own rights." *Lyons,*

23   *supra,* at **5-6, *citing, Mahan v. Trex Company, Inc.*, 2010 U.S. Dist. LEXIS 130160, 2010 WL

24   4916417 (N.D. Cal. Nov. 22, 2010) at *3.   However, even if some putative class members may

25   have learned of, and relied upon, the filing of Plaintiff's lawsuit, application of the other two *Diaz*

26   factors militates against a finding of prejudice.  *Lyons* at *6.

27

28

As to the second *Diaz* factor, absent class members have adequate time to file other actions because their potential claims have been subject to equitable tolling since Plaintiff filed this lawsuit last fall. *See, American Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 559 (1974). Because they have been tolled, "there is a substantially diminished risk of prejudice to those putative class claims: putative class members could have years to file a new complaint. Accordingly, …this factor weighs against the need to provide notice…" *Dunn v. Teachers Ins. & Annuity Ass'n of Am.*, No. 13-cv-05456-HSG, 2016 WL 153266, at *23 (N.D. Cal. Jan. 13, 2016);

Finally, there has been no settlement or concession of class interests, because the class claims are being dismissed without prejudice. As a result, putative class members are free to bring their own claims. "Because the settlement does not prevent putative class members from pursuing claims, they are not likely, as a general matter, to be prejudiced." *Tombline v. Wells Fargo Bank, N.A.*, No. 13-cv-04567-JD, 2014 WL 5140048, 2014 U.S. Dist. LEXIS 145556, *8 (N.D. Cal. Oct. 10, 2014).

Because putative class members will suffer no prejudice from the dismissal of Plaintiff's putative class claims, the parties request that the Court dismiss those claims, without prejudice, without any prior notice to the class.

## IV.    <u>CONCLUSION</u>

For all the foregoing reasons, the Parties respectfully request that the Court dismiss Plaintiff's individual claims with prejudice, and dismiss the claims of the absent putative class members without prejudice.

Dated:  February 18, 2022

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By _____
                    */s/ Jennifer Hoffman*
                    FRANK FALZETTA
                    JENNIFER HOFFMAN
                    Attorneys for Defendant
            STATE FARM MUTUAL AUTOMOBILE
                    INSURANCE COMPANY

1   Dated:  February 18, 2022          EDELSBERG LAW, P.A.

2                                       By _____
                                                        */s/ Scott Edelsberg*
3                                                   SCOTT EDELSBERG
                                                    Attorneys for Plaintiff,
4                                                   JOAN ST. JULIAN

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SMRH:4883-6230-6828.1                 JOINT REQUEST FOR DISMISSAL

1

2                                            [PROPOSED] ORDER

3          Pursuant to the parties' Joint Request for Dismissal, the Court enters the following Orders:

4          1.      The individual claims of Plaintiff Joan St. Julian are hereby dismissed with

5   prejudice, with each side to bear their own costs and fees;

6          2.      The claims of putative class members of the proposed California class are hereby

7   dismissed without prejudice; and

8          3.      Notice to putative class members is not required.

9          4.      The case management conference scheduled for February 23, 2022 is vacated.

10  The Clerk of Court is directed to close the case.

11         IT IS SO ORDERED.

12  DATED:  February 19, 2022

13                                                    _____

14                                                    The Honorable Vince Chhabria

                                                      United States District Judge

15

16  

17

18

19

20

21

22

23

24

25

26

27

28

1

## **SIGNATURE CERTIFICATION**

2

3
Pursuant to Local Rule 5-1(i)(3), I hereby certify that the content of this document

is acceptable to Scott Edelsberg counsel for Plaintiff, and that I have obtained his authorization to

4
affix his electronic signature to this document.

5
Executed this 18th day of February, 2022 at Los Angeles, California.

6

7
*/s/ Jennifer Hoffman*

JENNIFER HOFFMAN

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28